UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLIN C. STEVENS,

    Petitioner,

v.                                                                                   Case No. 07-11255

KRISTIN M. STEVENS, a/k/a                HONORABLE AVERN COHN
KRISTIN M. STENQUIST,

    Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

I.

Petitioner Colin C. Stevens (Petitioner) filed a petition for the return of a minor child under the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610, the implementing legislation for the Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention), seeking the return of his minor child, GMMS.  Petitioner alleged that Respondent Kristin M. Stevens a/k/a Kristin M. Stenquist (Respondent) wrongfully removed GMMS from Scotland to Michigan.  The Court denied the petition on the grounds that more than one year had passed since the petition was filed and GMMS was settled in Michigan.  See Memorandum and Order Denying Petition for Return of Child, filed June 28, 2007.  Petitioner has appealed.

Before the Court is Petitioner's motion for reconsideration.  Respondent, at the Court's request, filed a response.  For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's seem, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Petitioner first says that reconsideration is warranted because the Court was misled as to the date GMMS was wrongfully removed from Scotland. Petitioner asserts that the date the removal became wrongful was the date upon which Respondent and GMMS's round-trip airline tickets expired, on or about August 15, 2006. As Respondent points out, however, Petitioner asserted in his petition that Respondent informed him about two weeks after leaving Scotland that they would not be returning. Respondent and GMMS arrived in Michigan on August 15, 2005. Thus, Petitioner knew on or about September 1, 2005 that GMMS would not be returning to Scotland. At that point, his consent expired and the removal could be said to be wrongful. Petitioner did not file the petition until March 23, 2007, well over a year later. The date of the expiration of the airline tickets, which are still not a part of the record, does not start the one year period. Thus, Petitioner is not entitled to reconsideration on this ground.

Petitioner next says that the Court misunderstood his request for an evidentiary hearing and that a hearing is necessary to determine when GMMS's removal became wrongful. Although the Court said that neither party asked for a hearing, Petitioner apparently did make such a request in his response to Respondent's motion for

2

summary judgment, albeit a rather informal one, with the following statement: "at minimum, this Court should deny Respondent's Motion and schedule a hearing on the relevant issues." However, Petitioner offers no argument as to what additional evidence would be produced at a hearing beyond that which is already in the record. Thus, reconsideration is not warranted on this ground.

Finally, Petitioner says that the Court was misled as to several factual assertions by Respondent. The argument is comprised of a table of essentially "he said" "she said" accusations and allegations which call into question the credibility of the parties. As Respondent points out, none of the assertions have any bearing on the application of the one year exception. Petitioner has therefore failed to satisfy the standard for reconsideration on this ground.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 7, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160